GRANNIS *v.* TOBIAS.

1. EVIDENCE — SALES — DELIVERY — TESTIMONY THAT DEFENDANT HAD MORTGAGED HIS FARM NOT ADMISSIBLE.

In an action for the purchase price of furs, stolen after they were paid for, where the issue was as to whether there was a completed sale by delivery, testimony that the defendant mortgaged his farm to pay for the furs was not material to the issue and was not admissible for any purpose.

2. APPEAL AND ERROR—CURING ERROR.

In an action for the purchase price of furs, where the issue was as to whether there was a completed sale by delivery, error in admitting testimony, on cross-examination, that defendant had mortgaged his farm to pay for the furs was not cured by the court's action in later sustaining an objection thereto and stating that it would be disregarded, where no definite instructions were given the jury not to consider it for any purpose.

Error to Barry; McPeek (Russell R.), J.    Submitted April 26, 1928.    (Docket No. 48, Calendar No. 33,299.)    Decided July 24, 1928.

Assumpsit by Charles O. Grannis against Archie Tobias for the purchase price of furs bought of defendant but not delivered.    Judgment for defendant.    Plaintiff brings error.    Reversed.

*Philip T. Colgrove,* for appellant.

*Kim Sigler,* for appellee.

McDONALD, J.    The plaintiff, who is a resident of the State of Indiana, brought this suit to recover the purchase price of hides and furs which he bought and paid for but which he claims were not delivered by

the defendant. The hides were purchased for the plaintiff by Mr. Waldron, his son-in-law, from defendant at his store in the city of Hastings, Michigan, on the 22d day of February, 1927. That being a legal holiday, the express company would not accept the goods for shipment. It is claimed by Mr. Waldron that he gave the defendant a check for $3,288.47 in payment on his promise to deliver the hides at the express office on the following morning. During the night the hides were stolen from the defendant's store. It is the claim of the plaintiff that when the defendant discovered the theft he immediately took the check to the bank, received $300 in cash on it, and deposited the balance to his credit; that, when the bank learned the hides had been stolen, it compelled the defendant to return the money and deposit the check for collection; that defendant did not notify the plaintiff of the larceny of the hides and he paid the check in ignorance of that fact. On the theory that the sale was not completed by delivery before the theft, the plaintiff brought this suit to recover the purchase price which he had paid. The defendant denied that he received the check with the understanding that he was to deliver the goods to the express office. He says that the hides were sold and delivered to Mr. Waldron; that Waldron inspected them, packed them for shipment and made arrangements with two young men to take them to the express office for him. It was his contention that the sale was completed by delivery before the hides were stolen. The issues were submitted to a jury under proper instructions. The defendant had a verdict of no cause. The plaintiff was denied a new trial and judgment was entered on the verdict. The plaintiff has brought error.

The most serious question presented by the assignments of error relates to the admission of testimony by Mr. Hayes, cashier of the bank with which the defendant did business. Mr. Hayes was called as a

witness by the plaintiff.    On cross-examination, counsel for the defendant was permitted over objection to show that Mr. Tobias had paid for the furs with checks on the bank, after which the witness was asked:

"*Q.* Now, you also knew that Mr. Tobias proceeded then to place a mortgage upon—

"*Mr. Colgrove:* Wait a minute.

"*Q.* Well, just wait until he can—

"*Mr. Colgrove:* Mr. Hayes, don't answer the question until I have made the record.

"*Q.* Now, will you kindly let one of us talk here. I will protect your rights.    Don't answer the question until I have concluded it, Mr. Hayes.    You know that immediately thereafter Mr. Tobias placed a mortgage upon a farm for the purpose of covering the checks which he had issued for the purchase of this fur, do you not?

"*Mr. Colgrove:* Wait a minute.    That is objected to as irrelevant and immaterial.

"*The Court:* Objection overruled.    You may answer.

"*A.* Why, he brought in a deposit to take care of those checks and said that he had raised the money by a mortgage, yes.

"*Q.* Yes.

"*Mr. Colgrove:* Now, wait a minute—as to what he said, I ask it be stricken out.

"*The Court:* Objection sustained.    It will be disregarded."

Testimony that the defendant paid for the furs and that he mortgaged his farm to secure the money was not material to the issue.    It was not admissible for any purpose.    It was highly prejudicial, for it may have given the jurors the impression that he would lose his farm if they gave a verdict against him.    At least it would tend to enlist their sympathy.    And by overruling the objection that it was irrelevant and immaterial the court gave the jury to understand that it was material to the issue and was evidence which they had a right to consider.    While it is true that, after the answer, the court in reply to a motion to

strike out said, "objection is sustained. It will be disregarded," there can be no doubt but by that time the jury had all of the information in regard to the mortgage which the defendant wished them to have. They knew he had mortgaged his farm to pay for the hides, and they carried that knowledge to their jury room without any definite instruction that they should not consider it for any purpose.

"The effect of the testimony was to leave an ineradicable impression on the minds of the jurors." *McPeake* v. *Railway Co.*, 242 Mich. 676.

We regard the testimony as strongly prejudicial, and for that reason feel constrained to reverse the judgment and grant a new trial. It is so ordered, with costs to the plaintiff.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred.